# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEANDRE L. BLAIR,<br><br>      Plaintiff,<br><br>v.<br><br>MEREDITH LEWIS, KELLY HECKEL, AARON LAMBERTY, MATTHEW ADRAIN, and ESTHER CHAIREZ,<br><br>      Defendants. | Case No. 25-CV-1375-JPS<br><br><br>**ORDER** |

  Plaintiff DeAndre L. Blair ("Plaintiff"), proceeding pro se, sues Racine County Child Support attorneys and officials, Meredith Lewis, Kelly Heckel, Aaron Lamberty, Matthew Adrain, and Esther Chairez (together "Defendants"). ECF No. 1. Plaintiff also moves the Court for leave to proceed without prepayment of the filing fee. ECF No. 3. For the reasons stated herein, the Court will dismiss Plaintiff's action with prejudice and deny his motion as moot. Today's order also includes imposition of a five-year filing bar, which serves to preclude Plaintiff from filing any paper in any case in this District which seeks to collaterally attack any state court proceeding to which he is a party.

  Plaintiff's claims in this case bear remarkable resemblance to two previous cases he filed in this district, both of which were dismissed. *See Blair v. Schmaling*, No. 16-CV-1563-JPS (E.D. Wis. 2025) ("2016 Case"); *Blair v. Racine Child Support Agency*, No. 25-CV-656-PP (E.D. Wis. 2025) ("May 2025 Case"). In this case, Plaintiff alleges various harms related to child support and paternity proceedings including being "subjected to contempt,

garnishment, license suspension, and jail commitment from 2003 through 2017," being "defaulted and jailed for 'willful failure to pay,'" and being threatened with jail time "unless he signed a new stipulation [and] upon refusal, [being] jailed six months." ECF No. 1 at 1–2. Plaintiff alleges that these actions "constitute a continuing pattern of Constitution[al] violation[s]." *Id.* at 2. He goes on to name several specific constitutional rights that he alleges were violated, but which are not relevant to the merits of this Order. *Id.* at 2–3. To remedy these alleged constitutional violations, Plaintiff seeks a declaratory judgment that Defendants violated his constitutional rights, an injunction prohibiting CSA (presumably, Child Support Agency) from enforcing orders against him, compensatory damages of $3,850,000, punitive damages, attorneys' fees (though he is proceeding pro se), and costs. *Id.* at 3. Plaintiff attaches various filings related to Wisconsin paternity and child support proceedings, including garnishment orders and findings of contempt. *See* ECF No. 1-1.

Plaintiff asserted one of the very same claims in the 2016 Case, related to being told to sign a stipulation and being jailed after refusing. *See* 2016 Case, ECF No. 9 at 4 (citing 2016 Case, ECF No. 1). The Court dismissed the relevant defendants from the case upon screening these allegations because it could "[]not discern any plausible claim . . . based on what took place at" that hearing. *Id.* at 7, 12.

Plaintiff's May 2025 Case was nearly identical to this one. In that complaint he alleged that his constitutional rights were violated by state court judgments that were used to improperly garnish his wages, place liens on him, and jail him "for refusing to sign a new stipulation." May 2025 Case, ECF No. 1 at 3. Plaintiff similarly attached various filings from his paternity cases to his complaint in the May Case. *See* May Case, ECF No. 1-

1. Judge Pepper dismissed the May 2025 Case after a thorough discussion of jurisdiction. *Id.*, ECF No. 5 at 5–8. She found that Plaintiff's claims were barred by the domestic-relations exception to the extent that he challenged his child support payments. *Id.* at 5–6 (citing *Syph v. Arce*, 772 F. App'x 356, 357 (7th Cir. 2019); *Gillette v. Gillette*, No. 23-CV-767, 2023 WL 4207730, at *3 (E.D Wis. June 27, 2023); and *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998)). Further, to the extent that Plaintiff was challenging any state court judgments that had imposed his child support obligations, any such claim was barred by the *Rooker-Feldman* doctrine. May 2025 Case, ECF No. 5 at 6–7 (citing *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993); *Syph*, 772 F. App'x at 357; and *Johnson v. Lockyer*, 115 F. App'x 895, 896–97 (7th Cir. 2004)).

Because the Court finds the reasoning sound for both previous orders dismissing Plaintiff's very same allegations, it will similarly dismiss Plaintiff's claims here as failing to state a claim and barred by the domestic-relations exception to federal jurisdiction and the *Rooker-Feldman* doctrine. It will accordingly dismiss Plaintiff's case. In light of the filing bar that the Court will impose, discussed below, the dismissal will operate with prejudice. *See, e.g.*, *Martin v. Yarber*, No. 2:23-CV-00410-JPH-MG, 2025 WL 2637551, at *2 (S.D. Ind. Sept. 12, 2025) ("[D]ismissal of this case with prejudice is practically necessary and legally justified due to [the plaintiff's] filing restriction.").

Plaintiff also moves the Court for leave to proceed without prepayment of the filing fee. ECF No. 3. Because the Court is dismissing this case, it will deny Plaintiff's motion as moot.

This is the third time Plaintiff has brought a case seeking to attack state court judgments or proceedings regarding his custody, child support

obligations, or paternity. "[T]he right of access to federal courts is not absolute." *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (citing *United States ex rel. Verdone v. Circuit Court for Taylor Cnty.*, 73 F.3d 669, 674 (7th Cir. 1995)). Individuals are "only entitled to meaningful access to the courts." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). A federal court's inherent powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). The All Writs Act, 28 U.S.C. § 1651(a), gives district courts the "inherent power to enter pre-filing orders against vexatious litigants." *Orlando Residence Ltd. v. GP Credit Co., LLC*, 609 F. Supp. 2d 813, 816–17 (E.D. Wis. 2009) (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)). "A filing restriction must, however, be narrowly tailored to the type of abuse, . . . and must not bar the courthouse door absolutely." *Chapman v. Exec. Comm. of U.S. Dist. Ct. for N. Dist. of Ill.*, 324 Fed. App'x 500, 502 (7th Cir. 2009) (collecting cases). "Courts have consistently approved filing bars that permit litigants access if they cease their abusive filing practices," but have "rejected as overbroad filing bars in perpetuity." *Id.* (collecting cases).

Plaintiff's pro se status does not "insulate h[im] from sanctions for filing . . . meritless lawsuits." *Smith v. U.S. Dep't of Educ.*, No. 1:20-CV-474, 2021 WL 8894926, at *3 (N.D. Ind. Oct. 11, 2021). Under the circumstances presented by Plaintiff having filed three cases all premised on the same facts

related to his state court child support and paternity proceedings, the Court finds it appropriate to impose a filing bar. Plaintiff will be barred from filing any paper in any case in this District that seeks to collaterally attack a state court proceeding to which he is a party, for a period of five (5) years from the date of this Order. *See Support Sys. Intern., Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (citing *Sato v. Plunkett*, 154 F.R.D. 189 (N.D. Ill. 1994). This shall include motions for reconsideration, but it will not include notices of appeal or papers related to exigent circumstances or in "any criminal case in which [Plaintiff] is a defendant or any application for habeas corpus that he may wish to file." *Id.*; *see also Mucha v. Wisconsin*, No. 12-CV-00202-LA, 2013 WL 1498993, at *1 (E.D. Wis. Apr. 10, 2013) (motions for reconsideration fall within *Mack* bar) (citing *Lammers v. Ellerd*, 202 F.3d 273, 1999 WL 1075323, at *1–2 (7th Cir. Nov. 24, 1999) (imposing *Mack* bar)). The Clerk of Court will be directed to return unfiled any such papers until the expiration of five (5) years from the date of this Order.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff DeAndre L. Blair's motion for leave to proceed without prepaying the filing fee, ECF No. 3, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Plaintiff DeAndre L. Blair shall be **BARRED** from filing any paper in any case in this District that seeks to collaterally attack a state court proceeding to which he is a party, including any new lawsuits and any motions for reconsideration, but excluding notices of appeal or papers related to exigent circumstances or in any criminal case in which he is a defendant or any application for habeas

corpus, for a period of five (5) years from the date of this Order; consistent with the terms of this Order, the Clerk of Court shall **RETURN UNFILED** any such papers, received from, or on behalf of, DeAndre L. Blair, together with a copy of this Order.

    The Clerk of Court is directed to enter judgment accordingly.

    Dated at Milwaukee, Wisconsin, this 31st day of October, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.